**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF NEW YORK

Case number *(if known)* _____   Chapter __11__

☐ Check if this is an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**04/25**

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | Chen Foundation, Inc. |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 13-3799133 |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| 250 Lafayette Street<br>New York, NY 10012<br>Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| New York<br>County | **Location of principal assets, if different from principal place of business** |
| | Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL) _____

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor   Chen Foundation, Inc.
_____ Name _____   Case number (*if known*) _____

**7.   Describe debtor's business**   A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☒ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☐ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.

_____

**8.   Under which chapter of the Bankruptcy Code is the debtor filing?**   *Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check **all** that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.   Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☐ No.
☒ Yes.

| District | SDNY | When | 3/18/24 | Case number | 24-10438 |
| District | | When | | Case number | |

**10.   Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☒ No
☐ Yes.

List all cases. If more than 1, attach a separate list

Debtor _____   Relationship _____
District _____ When _____ Case number, if known _____

Debtor   Chen Foundation, Inc.                                                    Case number (*if known*) _____
_____Name_____

**11. Why is the case filed in *this district?***   *Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard?   _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other   _____

**Where is the property?**   _____
                            Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency   _____
          Contact name      _____
          Phone             _____

---

### ■ Statistical and administrative information

**13. Debtor's estimation of available funds**   .   *Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☒ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☒ $10,000,001 - $50   million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☒ $10,000,001 - $50   million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

Debtor    Chen Foundation, Inc.

Name

Case number (*if known*)

---

| | Request for Relief, Declaration, and Signatures |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      March 13, 2026

MM / DD / YYYY

**X** /s/   Ted Chen

Signature of authorized representative of debtor

Ted Chen

Printed name

Title    President

---

**18. Signature of attorney**

**X** /s/ Leo Jacobs

Signature of attorney for debtor

Date    March 13, 2026

MM / DD / YYYY

Leo Jacobs 5148887

Printed name

Jacobs P.C.

Firm name

717 5th Avenue, fl 17
New York, NY 10022

Number, Street, City, State & ZIP Code

Contact phone    (212) 229-0476      Email address    leo@jacobspc.com

5148887 NY

Bar number and State

---

Official Form 201          **Voluntary Petition for Non-Individuals Filing for Bankruptcy**          page 4

## RESOLUTION

I, Ted Chen, the President (the "President") of Chen Foundation, Inc., a Nevada Corporation (the "Company"), hereby certify at a meeting on March 10, 2026, the following resolutions were adopted in accordance with the requirements of applicable law, and that these resolutions have not been modified or rescinded and are still in full force and effect on the date hereof:

**RESOLVED,** that in the judgment of the President, it is desirable and in the best interest of the Company, its creditors, and other interested parties that a petition be filed by the Company, seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

**RESOLVED**, that the President of the Company is hereby the Authorized Person that is hereby authorized, empowered and directed, in the name and on behalf of the Company, to execute and verify petitions and amendments thereto under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") and to cause the same to be filed in the United States Bankruptcy Court for the Southern District of New York at such time, or in such other jurisdiction, as such Authorized Person executing the same shall determine.

**RESOLVED**, that the Company is authorized to engage Jacobs P.C. as its attorney under a general retainer in the Chapter 11 Case, subject to any requisite bankruptcy court approval and Mr. Chen is authorized to execute all necessary documents in that regard.

**RESOLVED**, that each Authorized Person, and officers of the Company as the Authorized Person shall from time to time designate, and any employees or agents (including counsel) designated by or directed by any such officer, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to execute and file all petitions, schedules, motions, lists, applications, pleadings and other papers, and to take and perform any and all further acts and deeds which he or she deems necessary, proper or desirable in connection with the Chapter 11 Case, with a view toward the successful prosecution of such case.

**RESOLVED**, that any and all past actions heretofore taken by officers of the Company in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved.

**IN WITNESS WHEREFORE**, I have set my hand this 13th day of March, 2026.

By: /s/*Ted Chen*
Ted Chen
Managing Member
New Tent, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re                                                      :          Chapter 11
                                                           :
CHEN FOUNDATION, INC                                       :          Case No. 26-
                                                           :
                                        Debtor.            :
-----------------------------------------------------------------x

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS.
### METHODOLOGY AND DISCLAIMERS REGARDING THE
### DEBTOR'S SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS

The above-captioned debtor (the "Debtor") is filing its Schedules of Assets and Liabilities and Statement of Financial Affairs (collectively, the "Schedules") in the United States Bankruptcy Court for the Southern District of New York. The Debtor, assisted by its advisors, prepared the Schedules in accordance with Section 521 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). These Global Notes and Statement of Methodology and Disclaimers regarding the Debtor's Schedules (collectively, the "Global Notes") pertain to, are incorporated by reference in, and compromise an integral part of, all of the Schedules. The Global Notes should be referred to, and reviewed in connection with, any review of the Schedules.

The Schedules have been prepared by the Debtor's management and are unaudited and subject to potential adjustment. In preparing the Schedules, the Debtor relied on financial data derived from its books and records that was available at the time of preparation.  Prior to the Petition Date (defined herein), on or about June 16, 2024, a State court receiver was appointed over the Debtor's property in a pending state court foreclosure action commenced by the senior secured lender entitled *Shanghai Commercial Bank Ltd., New York Branch, et al. v. Chen Foundation, Inc., et al.*, Supreme Court of the State of New York, County of New York, Index No. 850013/2024, and has been in control of the Debtor's property since his appointment. Therefore, certain of the information in the Schedules was compiled using information provided by the receiver and from the Debtor's prior bankruptcy filing, *In re Chen Foundation, Inc.*; USBC SDNY Case No. 24-10438-jpm (filed on May 18, 2024; dismissed on November 7, 2024). The Debtor has made reasonable efforts to ensure the accuracy and completeness of such financial information based on available records.  However, subsequently obtained information or discovery may result in changes to the Schedules and inadvertent errors, omissions, or inaccuracies may exist. The Debtor reserves all rights to amend or supplement the Schedules.

**Reservation of Rights.** Nothing contained in the Schedules or these Global Notes shall constitute a waiver of any of the Debtor's rights or an admission with respect to any issue in the Debtor's Chapter 11 case, including, but not limited to, any issue involving objection to claims, equitable subordination, defenses, characterizations or recharacterizations of contracts,

assumption or rejection of contracts under the provisions of Chapter 3 of the Bankruptcy Code and/or other causes of action arising under the provisions of Chapter 5 of the Bankruptcy Code or any other relevant laws to recover assets or avoid transfers.

**Description of Case.** On March __, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

**Basis of Presentation.** The Schedules are unaudited and reflect the Debtor's best efforts to report the assets and liabilities of the Debtor. The schedules neither purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP"), nor are they intended to fully reconcile to the financial statements.

**Insiders.** For purposes of the Schedules, the Debtor defines insiders pursuant to Section 101(31) of the Bankruptcy Code as (i) directors, (ii) officers, (iii) persons in control of the debtor, (iv) partnership in which the debtor is a general partner, (v) general partner, or (vi) relative of a general partner, director, officer, or person in control. Except as otherwise disclosed, payments to insiders in (i) through (vi) are set forth in the answer to question 3c on the Statement of Financial Affairs. Persons listed as "insiders" have been included for information purposes only and this is not intended to be nor should be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and any and all such rights, claims, and defenses are hereby expressly reserved. Further, the Debtor does not take any position with respect to (i) such person's influence over the control of the Debtor, (ii) the management responsibilities or functions of such individual, (iii) the decision-making or corporate authority of such individual, or (iv) whether such individual could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability, or for any other purpose.

**Excluded Assets and Liabilities.** Certain deferred charges, accounts, or reserves recorded for GAAP reporting purposes only and certain assets with a net book value of zero are not included in the Schedules. Other immaterial assets and liabilities may have been excluded.

**Summary of Significant Reporting Policies.** The following is a summary of certain significant report policies:

a.   Foreign Currency. Unless otherwise noted, all amounts are reflected in U.S. dollars.

b.   Current Market Value – Net Book Value. In certain instances, current market valuations are neither maintained nor readily available to the Debtor. It would be prohibitively expensive and unduly burdensome to obtain current market valuations of the Debtor's property interests that are maintained and readily available. Accordingly, unless otherwise indicated, the Schedules reflect book values, rather than the current market values of the Debtor's assets on the Petition Date and may not reflect the net

realizable value. For these reasons, amounts ultimately realized will vary from the net book value.

c. Credits and Adjustments. The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtor's books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtor. The Debtor reserves all of its rights with regard to such credits, allowances, or other adjustments, including the right to assert claim objections and/or set offs with respect to same.

d. Leases. In the ordinary course of business, the Debtor may lease units to third parties. The underlying lease agreements are listed on Schedule G and any amounts due under such leases as of the Petition Date are listed on Schedule F. Nothing in the Schedules is or shall be construed as an admission as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtor reserves all rights with respect to such issues.

**Undetermined Amounts.** The description of any amounts as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.

**Estimates.** The Debtor was required to make certain estimates and assumptions to affect the reported amounts of assets and liabilities and reported revenue and expenses as of the Petition Date. The Debtor reserves all rights to amend the reported amounts of assets, liabilities, reported revenue, and expenses to reflect changes in those estimates and assumptions.

**Totals.** The asset totals listed on Schedule A/B represent known amounts included in the Debtor's books and records as of the Petition Date. To the extent there are unknown or undetermined amounts, the actual total may be different than the total listed.

**Claims Description.** Any failure to designate a claim on the Schedules as "disputed", "contingent", or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed", "contingent", or "unliquidated". The Debtor reserves all rights to dispute, or to assert any offsets or defenses to, any claim reflected on the Schedules on any ground, including, without limitation, amount, liability, validity, priority, or classification, or to otherwise subsequently designate any claim as "disputed", "contingent", or "unliquidated". Listing a claim does not constitute an admission of liability of the Debtor, and the Debtor reserves the right to amend the Schedules accordingly.

**Schedule A/B.** As set forth in the Schedules, the values of certain assets and the amounts of certain debts are unknown or undetermined.

**Schedule A/B – Causes of Action/Potential Claims.** Despite its reasonable efforts to identify all known assets, the Debtor may not have listed all causes of action or potential causes of action against third parties as assets in its Schedules, including, but not limited to, avoidance actions arising under Chapter 5 of the Bankruptcy Code and actions under other relevant

nonbankruptcy laws to recover assets. All values reported are as of the Petition Date unless otherwise stated. The Debtor reserves all of its rights with respect to any claims, causes of action, or avoidance actions it may have, and neither these Global Notes nor the Schedules shall be deemed a waiver of such claims, causes of action, or avoidance actions or in any other way prejudice or impair the assertion of such claims.

**Schedule E/F – Creditors Holding Unsecured Priority Claims.** The Debtor reserves the right to dispute or challenge whether creditors listed on Schedule E are entitled to priority claims.

**Schedule E/F – Creditors Holding Unsecured Non-Priority Claims.** The Debtor has attempted to disclose all liabilities. Certain creditors listed on Schedule F may owe amounts to the Debtor and, as such, may have valid setoff and recoupment rights with respect to such amounts. The amounts listed on Schedule F do not reflect any such right of setoff or recoupment and the Debtor reserves all rights to challenge any setoff and/or recoupment rights that may be asserted. Additionally, certain creditors may assert mechanic's, materialman's, or other similar liens against the Debtor for amounts listed in Schedule F. The Debtor reserves its right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule F. In addition, certain claims listed on Schedule F may be entitled to priority under 11 U.S.C. § 503(b)(9). The Debtor has made its best efforts to include all trade creditors on Schedule F. The Debtor believes, however, that there are instances where vendors have yet to provide proper invoices for prepetition goods or services, and as such, have not been included on Schedule F. The claims listed on Schedule F arose or were incurred on various dates prior to the Petition Date and have been aggregated to reflect gross amounts owing to a particular creditor. In certain instances, the date on which a claim arose is an open issue of fact. While reasonable efforts have been made, determining the date upon which each claim on Schedule F was incurred or arose would be unduly burdensome and cost prohibitive, and therefore, the Debtor did not list a date for each claim on Schedule F.

**Schedule G – Executory Contracts and Unexpired Leases.** Omission of a contract or agreement for Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. Likewise, the listing of an agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease or that such agreement was in effect on the Petition Date or is valid or enforceable. The agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters or other documents, instruments, or agreements which may not have been listed on Schedule G. Any and all of the Debtor's rights, claims, or causes of action with respect to the agreements listed on Schedule G are hereby reserved and preserved, and as such, the Debtor hereby reserves all of its rights to (i) dispute the validity, status, or enforceability of any of the agreements listed on Schedule G, (ii) dispute or challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim, including, but not limited to, the agreements listed on Schedule G, and (iii) to amend or supplement Schedule G as necessary.

**SOFA 3.** The response to SOFA 3(b) does not include checks that were either voided or not presented prior to the Petition Date.

**Fill in this information to identify the case:**

Debtor name    Chen Foundation, Inc.

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF NEW YORK

Case number (if known) _____

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.   Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.**   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☒   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☒   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☒   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☒   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☒   *Schedule H: Codebtors* (Official Form 206H)
☒   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐   Amended *Schedule* _____
☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐   Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    March 13, 2026      **X** /s/   Ted Chen
                                       Signature of individual signing on behalf of debtor

                                       Ted Chen
                                       Printed name

                                       President
                                       Position or relationship to debtor

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name | Chen Foundation, Inc. |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF NEW YORK |
| Case number (if known): | |

☐ Check if this is an

amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).   Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 45RPM 89 Crosby Street New York, NY 10012 | | Security Deposit | Contingent Unliquidated Disputed | | | $150,000.00 |
| Compass RE NY LLC 10 E. 53rd Street 5th Floor New York, NY 10022 | | | | | | $57,659.76 |
| DOB Elevator department 280 Broadway, 1st Floor New York, NY 10007 | | | | | | $0.00 |
| Duet Construction and Design LLC c/o TURTURRO LAW, P.C 1361 N RAILROAD AVE Staten Island, NY 10306 | | Litigation defendant | Contingent Unliquidated Disputed | | | $0.00 |
| Duet Construction and Design LLC c/o TURTURRO LAW, P.C 1361 N RAILROAD AVE Staten Island, NY 10306 | | Litigation | Contingent Unliquidated Disputed | | | $0.00 |
| Duetti, Inc. 250 Lafayette Street Floor 2 New York, NY 10012 | | | Contingent Unliquidated Disputed | | | $66,543.75 |
| FDNY 9 MetroTech Center Brooklyn, NY 11201 | | | | | | $800.00 |

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Debtor    Chen Foundation, Inc.                                              Case number *(if known)*
          Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| HNL Sound Solution LLC / Coordinate LLC 250 Lafayette Street Basement Front New York, NY 10012 | | Security Deposit | | | | $13,500.00 |
| Internal Revenue Service PO Box 7346 Philadelphia, PA 19101 | | | | | | $0.00 |
| JM Zoning LLC 225 Broadway #1300 New York, NY 10007 | | Disputed | | | | $0.00 |
| LCP SOHO V LLC c/o Lane Capital Partners 152 West 57th Street - 23rd F New York, NY 10019 | | Monies loaned | | $30,065,974.51 | $27,900,000.00 | $2,165,974.51 |
| M & J Elevator Corporation 3721 55th Street Woodside, NY 11377 | | | | | | $12,000.00 |
| Muchmore & Associates 84 Withers St 4th Floor Brooklyn, NY 11211 | | | | | | $20,000.00 |
| New Vintage Partners, LLC 250 Lafayette Street 3rd floor New York, NY 10012 | | | Contingent Unliquidated Disputed | | | $20,700.00 |
| New York City Department of Buildings 280 Broadway New York, NY 10007 | | | | | | $0.00 |
| New York City Dept of Tax and Finance 66 John Street 2nd Floor New York, NY 10038 | | | | Unknown | $0.00 | $0.00 |
| New York or Nowhere 250 Lafayette Street Ground Floor Front New York, NY 10012 | | Security Deposit | Contingent Unliquidated Disputed | | | $88,000.00 |

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com                                              Best Case Bankruptcy

Debtor    Chen Foundation, Inc.                                    Case number *(if known)*
          Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| NOLAN E SHANAHAN AS COURT APPOINTED RECEIVER FOR CHEN FOUNDATION INC C/O COLE SHOTZ PC 1325 AVENUE OF THE AMERICAS FL 19 New York, NY 10019 | | | | | | $0.00 |
| Spinelli Kilcollin 91 Crosby Street New York, NY 10012 | | security Deposit | | | | $30,000.00 |
| U.S. Small Business Administration, Jeffrey H. Schervone, District Counsel Office of General Counsel 26 Federal Plaza, Suite 3100 New York, NY 10278 | | | | $171,133.43 | $0.00 | $171,133.43 |

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com                                                        Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name ____Chen Foundation, Inc._____

United States Bankruptcy Court for the: ___SOUTHERN DISTRICT OF NEW YORK___

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 206Sum
### Summary of Assets and Liabilities for Non-Individuals                    **12/15**

| Part 1: | **Summary of Assets** |
|---|---|

1. *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from *Schedule A/B*................................................................................... $    27,900,000.00

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B*................................................................................ $    532,367.77

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B*................................................................................. $    28,432,367.77

| Part 2: | **Summary of Liabilities** |
|---|---|

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*................................... $    30,237,107.94

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

   **3a. Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*.......................................................... $    0.00

   **3b. Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*.............................................. +$    459,203.51

4. **Total liabilities** ........................................................................................................
   Lines 2 + 3a + 3b       $    30,696,311.45

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com         Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name    Chen Foundation, Inc.

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF NEW YORK

Case number (if known) _____

☐ Check if this is an amended filing

# Official Form 206A/B

## Schedule A/B: Assets - Real and Personal Property    **12/15**

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on** *Schedule G: Executory Contracts and Unexpired Leases* **(Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

1. **Does the debtor have any cash or cash equivalents?**

☐ No.   Go to Part 2.
☒ Yes Fill in the information below.

**All cash or cash equivalents owned or controlled by the debtor**     **Current value of debtor's interest**

3.    **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|---|
| 3.1. | ConnectOne Bank (Receiver account) | Checking | 5115 | $126,663.43 |
| 3.2. | NBT Bank (Receiver account) | | | $405,704.34 |

4.    **Other cash equivalents** *(Identify all)*

5.    **Total of Part 1.**

     Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

     $532,367.77

| Part 2: | Deposits and Prepayments |
|---|---|

6. **Does the debtor have any deposits or prepayments?**

☒ No.   Go to Part 3.
☐ Yes Fill in the information below.

| Part 3: | Accounts receivable |
|---|---|

10. **Does the debtor have any accounts receivable?**

☐ No.   Go to Part 4.
☒ Yes Fill in the information below.

11.    **Accounts receivable**

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

Debtor   Chen Foundation, Inc. _____     Case number (If known) _____
_____Name_____

11a. 90 days old or less: _____0.00_____ - _____0.00_____ = ....     _____Unknown
_____face amount_____     _____doubtful or uncollectible accounts_____

12.   **Total of Part 3.**                                                                          $0.00

Current value on lines 11a + 11b = line 12.   Copy the total to line 82.

| Part 4: | Investments |

**13. Does the debtor own any investments?**

☒ No.   Go to Part 5.
☐ Yes Fill in the information below.

| Part 5: | Inventory, excluding agriculture assets |

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☒ No.   Go to Part 6.
☐ Yes Fill in the information below.

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☒ No.   Go to Part 7.
☐ Yes Fill in the information below.

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☒ No.   Go to Part 8.
☐ Yes Fill in the information below.

| Part 8: | Machinery, equipment, and vehicles |

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☒ No.   Go to Part 9.
☐ Yes Fill in the information below.

| Part 9: | Real property |

**54. Does the debtor own or lease any real property?**

☐ No.   Go to Part 10.
☒ Yes Fill in the information below.

55.   **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1. | | | | |
| 250 Lafayette Street | Fee Simple | $0.00 | Appraisal | $27,900,000.00 |

Official Form 206A/B          Schedule A/B Assets - Real and Personal Property                    page 2

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Debtor    Chen Foundation, Inc.                                    Case number *(If known)*
          Name

56.    **Total of Part 9.**                                                                    $27,900,000.00

       Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.
       Copy the total to line 88.

57.    **Is a depreciation schedule available for any of the property listed in Part 9?**
       ☒ No
       ☐ Yes

58.    **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
       ☒ No
       ☐ Yes

**Part 10:    Intangibles and intellectual property**

59. **Does the debtor have any interests in intangibles or intellectual property?**

   ☒ No.   Go to Part 11.
   ☐ Yes Fill in the information below.

**Part 11:    All other assets**

70. **Does the debtor own any other assets that have not yet been reported on this form?**
    Include all interests in executory contracts and unexpired leases not previously reported on this form.

   ☒ No.   Go to Part 12.
   ☐ Yes Fill in the information below.

|  |  | Current value of debtor's interest |
|---|---|---|
| 71. | **Notes receivable**<br>Description (include name of obligor) | |
| 72. | **Tax refunds and unused net operating losses (NOLs)**<br>Description (for example, federal, state, local) | |
| 73. | **Interests in insurance policies or annuities** | |
| 74. | **Causes of action against third parties (whether or not a lawsuit has been filed)** | |
| | **Nature of claim**<br>**Amount requested** | |
| 75. | **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims** | |
| 76. | **Trusts, equitable or future interests in property** | |
| 77. | **Other property of any kind not already listed** *Examples:* Season tickets, country club membership | |

78.    **Total of Part 11.**                                                                    $0.00

       Add lines 71 through 77. Copy the total to line 90.

79.    **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
       ☒ No
       ☐ Yes

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com              Best Case Bankruptcy

Debtor     Chen Foundation, Inc._____     Case number *(If known)* _____
          Name

---

Part 12:     **Summary**

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $532,367.77 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.**   *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9..........................................>* | | $27,900,000.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $532,367.77 | + 91b. $27,900,000.00 |
| 92. **Total of all property on Schedule A/B**. Add lines 91a+91b=92 | | $28,432,367.77 |

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name      Chen Foundation, Inc.

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF NEW YORK

Case number (if known)    _____

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property    12/15

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☒ Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
| --- | --- |

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
| --- | --- | --- | --- |
| **2.1** LCP SOHO V LLC c/o Lane Capital Partners<br>Creditor's Name<br>152 West 57th Street - 23rd F<br>New York, NY 10019<br>Creditor's mailing address<br><br>Creditor's email address, if known<br><br>**Date debt was incurred**<br><br>**Last 4 digits of account number**<br><br>**Do multiple creditors have an interest in the same property?**<br>☒ No<br>☐ Yes. Specify each creditor, including this creditor and its relative priority. | **Describe debtor's property that is subject to a lien**<br>250 Lafayette Street<br><br>**Describe the lien**<br>First Mortgage<br>**Is the creditor an insider or related party?**<br>☒ No<br>☐ Yes<br>**Is anyone else liable on this claim?**<br>☒ No<br>☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)<br><br>**As of the petition filing date, the claim is:**<br>Check all that apply<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $30,065,974.51 | $27,900,000.00 |
| **2.2** New York City Dept of Tax and Finance<br>Creditor's Name<br>66 John Street<br>2nd Floor<br>New York, NY 10038<br>Creditor's mailing address<br><br>Creditor's email address, if known<br><br>**Date debt was incurred**<br><br>**Last 4 digits of account number**<br><br>**Do multiple creditors have an interest in the same property?**<br>☒ No | **Describe debtor's property that is subject to a lien**<br><br>**Describe the lien**<br><br>**Is the creditor an insider or related party?**<br>☒ No<br>☐ Yes<br>**Is anyone else liable on this claim?**<br>☒ No<br>☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)<br><br>**As of the petition filing date, the claim is:**<br>Check all that apply<br>☐ Contingent | Unknown | $0.00 |

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Debtor   Chen Foundation, Inc.
    Name

Case number (if known)

| | |
|---|---|
| including this creditor and its relative priority. | ☐ Unliquidated<br>☐ Disputed |

| | | | |
|---|---|---|---|
| 2.3 | U.S. Small Business Administration,<br>Creditor's Name<br>Jeffrey H. Schervone, District Counsel<br>Office of General Counsel<br>26 Federal Plaza, Suite 3100<br>New York, NY 10278<br>Creditor's mailing address | **Describe debtor's property that is subject to a lien** | $171,133.43      $0.00 |

**Describe the lien**

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Is anyone else liable on this claim?**
☒ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

Creditor's email address, if known

**Date debt was incurred**

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☒ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

---

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

$30,237,107.94

---

**Part 2:**  **List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name   and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| NYC Dept of Tax and Finance<br>66 John St<br>New York, NY 10038 | Line __2.2__ | |

---

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

**Fill in this information to identify the case:**

Debtor name ___Chen Foundation, Inc.___

United States Bankruptcy Court for the: ___SOUTHERN DISTRICT OF NEW YORK___

Case number (if known) _____

☐ Check if this is an amended filing

# Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---|---|

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ☐ No. Go to Part 2.

   ☒ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  | Total claim | Priority amount |
|---|---|---|---|
| **2.1** Priority creditor's name and mailing address<br>Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101 | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | Unknown | $0.00 |
| Date or dates debt was incurred | Basis for the claim: |  |  |
| Last 4 digits of account number<br>Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8) | Is the claim subject to offset?<br>☒ No<br>☐ Yes |  |  |
| **2.2** Priority creditor's name and mailing address<br>NYS Dept. Taxation & Finance<br>Bankruptcy/Special Procedures Section<br>P.O. Box 5300<br>Albany, NY 12205 | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $0.00 | $0.00 |
| Date or dates debt was incurred | Basis for the claim: |  |  |
| Last 4 digits of account number<br>Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8) | Is the claim subject to offset?<br>☒ No<br>☐ Yes |  |  |
| **2.3** Priority creditor's name and mailing address<br>Ted Chen<br>199 Bowery Street<br>New York, NY 10002 | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | Unknown | $0.00 |
| Date or dates debt was incurred | Basis for the claim:<br>Unpaid wages |  |  |
| Last 4 digits of account number<br>Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (4) | Is the claim subject to offset?<br>☒ No<br>☐ Yes |  |  |

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com             Best Case Bankruptcy

| Debtor | Chen Foundation, Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**3. List in alphabetical order all of the creditors with nonpriority unsecured claims**. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | **Amount of claim** |
|---|---|---|

**3.1** | **Nonpriority creditor's name and mailing address**
45RPM
89 Crosby Street
New York, NY 10012

**As of the petition filing date, the claim is:** *Check all that apply.*

☒ Contingent
☒ Unliquidated
☒ Disputed

**$150,000.00**

**Date(s) debt was incurred** _

**Basis for the claim:**  Security Deposit

**Last 4 digits of account number** _

Is the claim subject to offset?   ☒ No   ☐ Yes

---

**3.2** | **Nonpriority creditor's name and mailing address**
Compass RE NY LLC
10 E. 53rd Street
5th Floor
New York, NY 10022

**As of the petition filing date, the claim is:** *Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**$57,659.76**

**Date(s) debt was incurred** _

**Basis for the claim:** _

**Last 4 digits of account number** _

Is the claim subject to offset?   ☒ No   ☐ Yes

---

**3.3** | **Nonpriority creditor's name and mailing address**
DOB Elevator department
280 Broadway, 1st Floor
New York, NY 10007

**As of the petition filing date, the claim is:** *Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Unknown**

**Date(s) debt was incurred** _

**Basis for the claim:** _

**Last 4 digits of account number** _

Is the claim subject to offset?   ☒ No   ☐ Yes

---

**3.4** | **Nonpriority creditor's name and mailing address**
Duet Construction and Design LLC
c/o TURTURRO LAW, P.C
1361 N RAILROAD AVE
Staten Island, NY 10306

**As of the petition filing date, the claim is:** *Check all that apply.*

☒ Contingent
☒ Unliquidated
☒ Disputed

**Unknown**

**Date(s) debt was incurred** _

**Basis for the claim:**  Litigation defendant

**Last 4 digits of account number** _

Is the claim subject to offset?   ☒ No   ☐ Yes

---

**3.5** | **Nonpriority creditor's name and mailing address**
Duet Construction and Design LLC
c/o TURTURRO LAW, P.C
1361 N RAILROAD AVE
Staten Island, NY 10306

**As of the petition filing date, the claim is:** *Check all that apply.*

☒ Contingent
☒ Unliquidated
☒ Disputed

**Unknown**

**Date(s) debt was incurred** _

**Basis for the claim:**  Litigation

**Last 4 digits of account number** _

Is the claim subject to offset?   ☒ No   ☐ Yes

---

**3.6** | **Nonpriority creditor's name and mailing address**
Duetti, Inc.
250 Lafayette Street
Floor 2
New York, NY 10012

**As of the petition filing date, the claim is:** *Check all that apply.*

☒ Contingent
☒ Unliquidated
☒ Disputed

**$66,543.75**

**Date(s) debt was incurred** _

**Basis for the claim:** _

**Last 4 digits of account number** _

Is the claim subject to offset?   ☒ No   ☐ Yes

---

**3.7** | **Nonpriority creditor's name and mailing address**
FDNY
9 MetroTech Center
Brooklyn, NY 11201

**As of the petition filing date, the claim is:** *Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**$800.00**

**Date(s) debt was incurred** _

**Basis for the claim:** _

**Last 4 digits of account number** _

Is the claim subject to offset?   ☒ No   ☐ Yes

---

Debtor  __Chen Foundation, Inc.__  Case number (if known) _____
          _Name_

| 3.8 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | $13,500.00 |
|---|---|---|---|

HNL Sound Solution LLC / Coordinate LLC
250 Lafayette Street
Basement Front
New York, NY 10012

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _     **Basis for the claim:** _Security Deposit_

**Last 4 digits of account number** _     Is the claim subject to offset?  ☒ No  ☐ Yes

| 3.9 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | Unknown |
|---|---|---|---|

JM Zoning LLC
225 Broadway
#1300
New York, NY 10007

☐ Contingent
☐ Unliquidated
☒ Disputed

**Date(s) debt was incurred** _     **Basis for the claim:** _

**Last 4 digits of account number** _     Is the claim subject to offset?  ☒ No  ☐ Yes

| 3.10 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | $12,000.00 |
|---|---|---|---|

M & J Elevator Corporation
3721 55th Street
Woodside, NY 11377

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _     **Basis for the claim:** _

**Last 4 digits of account number** _     Is the claim subject to offset?  ☒ No  ☐ Yes

| 3.11 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | $20,000.00 |
|---|---|---|---|

Muchmore & Associates
84 Withers St 4th Floor
Brooklyn, NY 11211

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _     **Basis for the claim:** _

**Last 4 digits of account number** _     Is the claim subject to offset?  ☒ No  ☐ Yes

| 3.12 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | $20,700.00 |
|---|---|---|---|

New Vintage Partners, LLC
250 Lafayette Street
3rd floor
New York, NY 10012

☒ Contingent
☒ Unliquidated
☒ Disputed

**Date(s) debt was incurred** _     **Basis for the claim:** _

**Last 4 digits of account number** _     Is the claim subject to offset?  ☒ No  ☐ Yes

| 3.13 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | Unknown |
|---|---|---|---|

New York City Department of Buildings
280 Broadway
New York, NY 10007

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _     **Basis for the claim:** _

**Last 4 digits of account number** _     Is the claim subject to offset?  ☒ No  ☐ Yes

| 3.14 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | $88,000.00 |
|---|---|---|---|

New York or Nowhere
250 Lafayette Street
Ground Floor Front
New York, NY 10012

☒ Contingent
☒ Unliquidated
☒ Disputed

**Date(s) debt was incurred** _     **Basis for the claim:** _Security Deposit_

**Last 4 digits of account number** _     Is the claim subject to offset?  ☒ No  ☐ Yes

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

| Debtor | Chen Foundation, Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**3.15** | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | Unknown

NOLAN E SHANAHAN
AS COURT APPOINTED RECEIVER FOR
CHEN FOUNDATION INC
C/O COLE SHOTZ PC
1325 AVENUE OF THE AMERICAS FL 19
New York, NY 10019

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Basis for the claim:** _

**Last 4 digits of account number** _

Is the claim subject to offset?   ☒ No   ☐ Yes

---

**3.16** | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | Unknown

R&D Design Group
14-25 Plaza Rd ste s-2-5
Fair Lawn, NJ 07410

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Basis for the claim:** _

**Last 4 digits of account number** _

Is the claim subject to offset?   ☒ No   ☐ Yes

---

**3.17** | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | $30,000.00

Spinelli Kilcollin
91 Crosby Street
New York, NY 10012

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Basis for the claim:**  security Deposit

**Last 4 digits of account number** _

Is the claim subject to offset?   ☒ No   ☐ Yes

---

**3.18** | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | Unknown

Ted Chen
199 Bowery Street
New York, NY 10002

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Basis for the claim:**  Wages, Reimbursement

**Last 4 digits of account number** _

Is the claim subject to offset?   ☒ No   ☐ Yes

---

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---|---|

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| 4.1 NYS Attorney Generals Office<br>28 Liberty Street<br>New York, NY 10005 | Line  2.2<br><br>☐   Not listed. Explain ____ | _ |
| 4.2 Office for US Attorneys<br>United States Department of Justice<br>950 Pennsylvania Avenue, NW, Room 2242<br>Washington, DC 20530 | Line  2.1<br><br>☐   Not listed. Explain ____ | _ |

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

**5.   Add the amounts of priority and nonpriority unsecured claims.**

| | | Total of claim amounts |
|---|---|---|
| **5a. Total claims from Part 1** | 5a.   $ | 0.00 |
| **5b. Total claims from Part 2** | 5b.  **+**  $ | 459,203.51 |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c.   $ | 459,203.51 |

**Fill in this information to identify the case:**

Debtor name    Chen Foundation, Inc.

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF NEW YORK

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases    12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.**

1. **Does the debtor have any executory contracts or unexpired leases?**
   ☐ No. Check this box and file this form with the debtor's other schedules.   There is nothing else to report on this form.
   ☒ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal*   *Property* (Official Form 206A/B).

| **2. List all contracts and unexpired leases** | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|
| 2.1.   State what the contract or lease is for and the nature of the debtor's interest    Tenant Lease <br><br> State the term remaining <br><br> List the contract number of any government contract | 45RPM <br> Fumie Mizunaga <br> 85 Crosby Street <br> New York, NY 10012 |
| 2.2.   State what the contract or lease is for and the nature of the debtor's interest    Tenant lease <br><br> State the term remaining <br><br> List the contract number of any government contract | Duetti, Inc. <br> 250 Lafayette Street <br> Floor 2 <br> New York, NY 10012 |
| 2.3.   State what the contract or lease is for and the nature of the debtor's interest    Tenant Lease <br><br> State the term remaining <br><br> List the contract number of any government contract | HNL Sound Solution LLC / Coordinate LLC <br> 250 Lafayette Street <br> Basement <br> New York, NY 10012 |
| 2.4.   State what the contract or lease is for and the nature of the debtor's interest    Tenant Lease <br><br> State the term remaining <br><br> List the contract number of any government contract | Knowlita <br> d/b/a New York or Nowhere <br> 250 Lafayette Street <br> New York, NY 10012 |

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

Debtor 1 __Chen Foundation, Inc.__                                          Case number (*if known*) _____
          First Name          Middle Name          Last Name

## Additional Page if You Have More Contracts or Leases

| **2. List all contracts and unexpired leases** | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|

| 2.5. | State what the contract or lease is for and the nature of the debtor's interest | Tenant Lease | |
|---|---|---|---|
| | State the term remaining | | New Vintage Partners, LLC Ben Slome |
| | List the contract number of any government contract | _____ | 250 Lafayette Street 3rd floor Rear New York, NY 10012 |

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name   Chen Foundation, Inc.

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF NEW YORK

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 206H
## Schedule H: Your Codebtors

**12/15**

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☒ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.1 Neo Image Enterprises, LLC | c/o Jacobs PC<br>717 5th Avenue<br>17th Floor<br>New York, NY 10022 | Duet Construction and Design LLC | ☐ D _____<br>☒ E/F ___3.4___<br>☐ G _____ |
| 2.2 New Tent LLC | c/o Jacobs PC<br>717 5th Avenue, 17th Floor<br>New York, NY 10022 | Duet Construction and Design LLC | ☐ D _____<br>☒ E/F ___3.4___<br>☐ G _____ |
| 2.3 Ted Chen | c/o Jacobs PC<br>717 5th Ave<br>New York, NY 10022 | Duet Construction and Design LLC | ☐ D _____<br>☒ E/F ___3.4___<br>☐ G _____ |

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor name</td><td>Chen Foundation, Inc.</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>SOUTHERN DISTRICT OF NEW YORK</td></tr>
<tr><td>Case number (if known)</td><td></td></tr>
</table>

☐ Check if this is an amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/25

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1:    Income

1. **Gross revenue from business**

   ☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|
| For prior year:<br>From 01/01/2025 to 12/31/2025 | ☒ Operating a business<br>☐ Other | Unknown |
| For year before that:<br>From 01/01/2024 to 12/31/2024 | ☒ Operating a business<br>☐ Other | Unknown |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ☒ None.

| | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|

### Part 2:    List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ☒ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|

---

Official Form 207                     Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy                     page **1**

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com                                                  Best Case Bankruptcy

Debtor    Chen Foundation, Inc.                                      Case number *(if known)*

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☒ None.

| Insider's name and address Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|

5. **Repossessions, foreclosures, and returns**
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☒ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☒ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

| Part 3: | Legal Actions or Assignments |
|---|---|

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None.

| | Case title Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | Duet Construction and Design LLC v. Star Builders Inc., Neo Image Enterprises, LLC, New Tent, LLC, Ted Chen, Chen Foundation, Inc. 651599/2023 | Civil | New York Supreme | ☒ Pending ☐ On appeal ☐ Concluded |
| 7.2. | LCP SOHO V LLC V Chen Foundation | | | ☒ Pending ☐ On appeal ☐ Concluded |
| 7.3. | Chen Foundation Inc V The Tax Commission of the City of new York 25789/2023 | | | ☐ Pending ☐ On appeal ☒ Concluded |

8. **Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

Debtor ___Chen Foundation, Inc._____   Case number *(if known)* _____

☐ None

| Custodian's name and Address | Describe the property | Value |
|---|---|---|
| NOLAN E SHANAHAN AS COURT APPOINTED RECEIVER FOR CHEN FOUNDATION INC C/O COLE SHOTZ PC, 1325 AVENUE OF THE AMERICAS FL 19 New York, NY 10019 | 250 Lafayette Street, | $0.00 |

| | Case title | Court name and address |
|---|---|---|
| | Shanghai Commercial Bank Ltd., New York | Supreme Court - New York County New York, NY |
| | **Case number** 850013/2024 | |
| | **Date of order or assignment** 03/11/2025 | |

---

## Part 4:   Certain Gifts and Charitable Contributions

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☒ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

## Part 5:   Certain Losses

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

☒ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | Dates of loss | Value of property lost |
|---|---|---|---|

## Part 6:   Certain Payments or Transfers

11. **Payments related to bankruptcy**
    List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| | Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | Jacobs PC 717 Fifth Avenue 17th Floor New York, NY 10022 | | March 12, 2026 | $72,574.66 |
| | **Email or website address** | | | |
| | **Who made the payment, if not debtor?** | | | |

---

12. **Self-settled trusts of which the debtor is a beneficiary**
    List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
    Do not include transfers already listed on this statement.

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com                                                   Best Case Bankruptcy

Debtor   Chen Foundation, Inc.                                                  Case number *(if known)* _____

$\boxtimes$ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

13. **Transfers not already listed on this statement**
List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

$\boxtimes$ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

### Part 7:   Previous Locations

14. **Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

$\boxtimes$ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

### Part 8:   Health Care Bankruptcies

15. **Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

$\boxtimes$   No. Go to Part 9.
$\square$   Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If  debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

### Part 9:   Personally Identifiable Information

16. **Does the debtor collect and retain personally identifiable information of customers?**

$\boxtimes$   No.
$\square$   Yes. State the nature of the information collected and retained.

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

$\boxtimes$   No. Go to Part 10.
$\square$   Yes. Does the debtor serve as plan administrator?

### Part 10:   Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com                                 Best Case Bankruptcy

Debtor   Chen Foundation, Inc.                                    Case number *(if known)* _____

---

18. **Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1.   TD Bank | **XXXX-** | ☐ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other___ | | Unknown |

19. **Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☒ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Does debtor still have it? |
|---|---|---|---|

20. **Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☒ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|

---

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |
|---|---|

21. **Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☒ None

---

| Part 12: | Details About Environment Information |
|---|---|

For the purpose of Part 12, the following definitions apply:

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☒   No.
☐   Yes. Provide details below.

---

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Debtor    Chen Foundation, Inc.                                    Case number *(if known)* _____

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☒  No.
☐  Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

☒  No.
☐  Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**Part 13:    Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☒ None

| Business name address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. Dates business existed |
|---|---|---|

26. **Books, records, and financial statements**
26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
☐ None

| Name and address | Date of service From-To |
|---|---|
| 26a.1.   The Chen Foundation 250 Lafayette Street New York, NY 10012 | |
| 26a.2.   XYG CPA PLLC 223 W. 38th ST #1176 New York, NY 10018 | |
| 26a.3.   NOLAN E SHANAHAN AS COURT APPOINTED RECEIVER FOR CHEN FOUNDATION INC C/O COLE SHOTZ PC 1325 AVENUE OF THE AMERICAS FL 19 New York, NY 10019 | |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☒ None

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Debtor    Chen Foundation, Inc.                                                    Case number *(if known)*   _____

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1.   The Chen Foundation<br>250 Lafayette Street<br>New York, NY 10012 | |
| 26c.2.   XYG CPA PLLC<br>223 W. 38th ST #1176<br>New York, NY 10018 | |
| 26c.3.   NOLAN E SHANAHAN<br>AS COURT APPOINTED RECEIVER FOR<br>CHEN FOUNDATION INC<br>C/O COLE SHOTZ PC<br>1325 AVENUE OF THE AMERICAS FL 19<br>New York, NY 10019 | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☒ None

| Name and address |
|---|

27. **Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

☒ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Dr. Tsing-Fang Chen | c/o Jacobs PC<br>717 5ht Avenue , 17th Floor<br>New York, NY 10016 | | 25 |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Lucia Chen | c/o Jacobs PC<br>717 5th Avenue, 17th Floor<br>New York, NY 10016 | | 25% |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Ted Chen | c/o Jacobs PC<br>717 5th Avenue<br>17th Floor<br>New York, NY 10016 | | 25% |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Julie Chen | c/o Jacobs PC<br>717 5th Avenue<br>17th Floor<br>New York, NY 10012 | | 25% |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Debtor    Chen Foundation, Inc.                                      Case number *(if known)*

☒ No
☐ Yes. Identify below.

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☒ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☒ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☒ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|

## Part 14:  Signature and Declaration

**WARNING** -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on        March 13, 2026

/s/   Ted Chen                                          Ted Chen
Signature of individual signing on behalf of the debtor        Printed name

Position or relationship to debtor        President

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
☒ No
☐ Yes

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

# United States Bankruptcy Court
## Southern District of New York

In re    Chen Foundation, Inc.                             Case No. _____

                                   Debtor(s)          Chapter    11

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| Dr. Tsing-Fang Chen<br>c/o Jacobs PC<br>New York, NY 10022 | | | 25% |
| Julie Chen<br>c/o Jacobs PC<br>717 5th Avenue<br>17th floor<br>New York, NY 10022 | | | 25% |
| Lucia Chen<br>717 5th Avenue<br>17th Floor<br>New York, NY 10022 | | | 25% |
| Ted Chen<br>c/o Jacobs PC<br>717 5th Avenue<br>New York, NY 10022 | | | 25% |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the President of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date    March 13, 2026                            Signature    /s/ Ted Chen

                                                                           Ted Chen

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

B2030 (Form 2030) (12/25)

# United States Bankruptcy Court
## Southern District of New York

In re    Chen Foundation, Inc.                                                        Case No.
                                    Debtor(s)                                         Chapter       11

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.   Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept ...................................................... | $ | 72,574.66 |
| Prior to the filing of this statement I have received........................................ | $ | 72,574.66 |
| Balance Due ................................................................................................. | $ | 0.00 |

2.   The source of the compensation paid to me was:

☒ Debtor        ☐ Other (specify):

3.   The source of compensation to be paid to me is:

☒ Debtor        ☐ Other (specify):

4.   ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.   Subject to any applicable local rule or court order, in return for the above-disclosed fee, I have agreed to render legal service for the following aspects of the bankruptcy case, except as excluded in Section 6:

a.   Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b.   Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
c.   Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
d.   [List other services that counsel has agreed to provide]
      Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.

6.   By agreement with the debtor(s), the above-disclosed fee does not include the following service:
      Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

March 13, 2026                                    /s/ Leo Jacobs
*Date*                                            Leo Jacobs 5148887
                                                  *Signature of Attorney*
                                                  Jacobs P.C.
                                                  717 5th Avenue, fl 17
                                                  New York, NY 10022
                                                  (212) 229-0476   Fax: (212) 937-3368
                                                  leo@jacobspc.com
                                                  *Name of law firm*

---

# United States Bankruptcy Court
## Southern District of New York

In re    Chen Foundation, Inc.                Case No. _____

                           Debtor(s)          Chapter     11 _____

# VERIFICATION OF CREDITOR MATRIX

I, the President of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:      March 13, 2026                /s/ Ted Chen _____

                                          Ted Chen/President
                                          Signer/Title

45RPM
89 Crosby Street
New York, NY 10012


Compass RE NY LLC
10 E. 53rd Street
5th Floor
New York, NY 10022


DOB Elevator department
280 Broadway, 1st Floor
New York, NY 10007


Duet Construction and Design LLC
c/o TURTURRO LAW, P.C
1361 N RAILROAD AVE
Staten Island, NY 10306


Duetti, Inc.
250 Lafayette Street
Floor 2
New York, NY 10012


FDNY
9 MetroTech Center
Brooklyn, NY 11201


HNL Sound Solution LLC / Coordinate LLC
250 Lafayette Street
Basement Front
New York, NY 10012


Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101


JM Zoning LLC
225 Broadway
1300
New York, NY 10007


Knowlita
d/b/a New York or Nowhere
250 Lafayette Street
New York, NY 10012


LCP SOHO V LLC c/o Lane Capital Partners
152 West 57th Street - 23rd F
New York, NY 10019


M & J Elevator Corporation
3721 55th Street
Woodside, NY 11377


Muchmore & Associates
84 Withers St 4th Floor
Brooklyn, NY 11211

Neo Image Enterprises, LLC
c/o Jacobs PC 717 5th Avenue
17th Floor
New York, NY 10022


New Tent LLC
c/o Jacobs PC
717 5th Avenue, 17th Floor
New York, NY 10022


New Vintage Partners, LLC
250 Lafayette Street
3rd floor
New York, NY 10012


New York City Department of Buildings
280 Broadway
New York, NY 10007


New York City Dept of Tax and Finance
66 John Street
2nd Floor
New York, NY 10038


New York or Nowhere
250 Lafayette Street
Ground Floor Front
New York, NY 10012


NOLAN E SHANAHAN
AS COURT APPOINTED RECEIVER FOR
CHEN FOUNDATION INC C/O COLE SHOTZ PC 13
New York, NY 10019


NYC Dept of Tax and Finance
66 John St
New York, NY 10038


NYS Attorney Generals Office
28 Liberty Street
New York, NY 10005


NYS Dept. Taxation & Finance
Bankruptcy/Special Procedures Section
P.O. Box 5300
Albany, NY 12205


Office for US Attorneys
United States Department of Justice
950 Pennsylvania Avenue, NW, Room 2242
Washington, DC 20530


R&D Design Group
14-25 Plaza Rd ste s-2-5
Fair Lawn, NJ 07410

Spinelli Kilcollin
91 Crosby Street
New York, NY 10012


Ted Chen
199 Bowery Street
New York, NY 10002


U.S. Small Business Administration,
Jeffrey H. Schervone, District Counsel
Office of General Counsel 26 Federal Pla
New York, NY 10278

# United States Bankruptcy Court
## Southern District of New York

In re   Chen Foundation, Inc.                                         Case No.
                                    Debtor(s)                          Chapter      11

### CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for __Chen Foundation, Inc.__ in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

☒ None [*Check if applicable*]

March 13, 2026                                      /s/ Leo Jacobs
Date                                               Leo Jacobs 5148887
                                                   Signature of Attorney or Litigant
                                                   Counsel for   Chen Foundation, Inc.
                                                   Jacobs P.C.
                                                   717 5th Avenue, fl 17
                                                   New York, NY 10022
                                                   (212) 229-0476  Fax:(212) 937-3368
                                                   leo@jacobspc.com

**JACOBS, P.C.**
*Proposed Attorneys for the Debtor,*
*Chen Foundation, Inc.*
**717 Fifth Avenue, Floor 17**
**New York, NY 10022**
**(212) 229-0476**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

In re:                                                                          **Chapter 11**

     **CHEN FOUNDATION, INC.**                     **Case No. _____**

                 **Debtor.**

-----------------------------------------------------------X

### DECLARATION PURSUANT TO LOCAL RULE 1007-2 OF TED CHEN, PRESIDENT OF CHEN FOUNDATION, INC., IN SUPPORT OF THE DEBTOR'S CHAPTER 11 PETITION

I, Ted Chen, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

1.     I am the President of Chen Foundation, Inc. ("CF" or "Debtor"). CF is a corporation organized under the laws of the state of Nevada.

2.     On March __, 2026 (the "Petition Date"), the Debtor filed a petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"). (The Debtor filed a prior Chapter 11 bankruptcy case in this Court on March 18, 2024 (Case No. 24-10438) (the "Prior Bankruptcy"). That case was closed on January 24, 2025, following a dismissal without prejudice).

3.     All facts set forth in this declaration (this "Declaration") are based on: (i) my personal knowledge; (ii) my communications with the Debtor's management teams, counsel, and

1

professional advisors; or (iii) my opinions developed through my overall professional experience, personal knowledge of the Debtor's history, financial condition, and business operations and affairs.

4. If called as a witness, I could and would testify competently to the matters set forth herein based on the foregoing. My testimony is further based on my review of the Debtor's books and records and other relevant documents and information compiled and communicated to me by the aforementioned company representatives and advisors. I am duly authorized to submit this Declaration on behalf of the Debtor.

5. This Declaration is submitted: (i) to provide a brief overview of the Debtor and its Chapter 11 case and (ii) in support of the Debtor's chapter 11 petition.

6. Since 1994, the Debtor has been the owner of the real property located at 250 Lafayette Street, New York, New York 10012 (the "Property") and the Debtor also operated an art gallery business at the Property.

7. The Property is 20,683 gross square feet with several tenants.

8. The Debtor's principals are also the equity holders of Neo Image Enterprises, LLC ("Neo Image") and New Tent, LLC ("New Tent"), which together own the property at 335 West 35th Street, New York, NY 10013 (the "35th Street Property").

9. In connection with financing and redevelopment of the 35th Street Property, the original lender required the Debtor to cross collateralize its real property.

10. In connection with the refinancing of the 35th Street Property, the Debtor was required to sign loan documents in favor of Shanghai Commercial Bank Ltd., New York Branch (the "SCB") and/or Shanghai Commercial and Savings Bank ("SCSB") with respect to a loan on

or around June 23, 2017 (the "First Loan") and another loan on or around June 30, 2020 (the "Second Loan" collectively, the "250 Lafayette Notes").

11.     Pursuant to the 250 Lafayette Notes, the Chen Foundation became obligated to pay to SCB and SCSB the principal sum of $20.85 million with interest thereon.  The 250 Lafayette Notes matured on October 31, 2022.  As of February 23, 2024, the outstanding unpaid balance of the 250 Lafayette Notes purportedly was $20.03 million in principal, plus interest in the amount of $3.33 million.  In addition, default interest and late charges allegedly totaled $2.66 million.

12.     In connection with the 250 Lafayette Notes, SCB requested that the Debtor execute mortgages and security agreements in favor of SCB and SCSB (the "250 Lafayette Mortgages").

13.     On January 17, 2024, SCB and SCSB commenced an action seeking, *inter alia*, foreclosure in favor of SCB and SCSB against the Debtor and the appointment of a receiver.  *See Shanghai Commercial Bank Ltd., New York Branch et al v. Chen Foundation, Inc. et al*, Supreme Court of the State of New York, County of New York, Index No. 850013/2024 (the "Foreclosure Action").  Therefore, the Debtor's Prior Bankruptcy filing was principally precipitated by the Foreclosure Action.

14.     SCB and SCSB lifted the stay in the Prior Bankruptcy case to pursue the Foreclosure Action.  In connection therewith, a receiver, Nolan Shanahan of Cole Schotz P.C. (the "Receiver") was appointed.

15.     The Receiver and its property manager are currently managing the Property.

16.     The current owner of the 250 Lafayette Notes and 250 Lafayette Mortgages, LCP Soho V LLC (the "**Lender**"), as successor in interest to SCB and SCSB, agreed to settle

outstanding debt obligations with the Debtor and related parties, and the Debtor agreed to file the

instant Chapter 11 proceeding to transfer the Property to the Lender.

## LOCAL RULE 1007-2 STATEMENTS

17.     The following statements are provided pursuant to Local Rule 1007-2.

| | |
|---|---|
| L.B.R. 1007-2(a)(1) | See above for a description of the Debtor's operations and the events leading to this Chapter 11 case. |
| L.B.R. 1007-2(a)(2) | Not applicable. |
| L.B.R. 1007-2(a)(3) | Not applicable. |
| L.B.R. 1007-2(a)(4) | See top twenty unsecured creditors list filed simultaneously herewith. |
| L.B.R. 1007-2(a)(5) | LCP Soho V LLC, with a claim in excess of $30 million. |
| L.B.R. 1007-2(a)(6) | Debtor's assets:  $27.9 million (approx.)  Debtor's liabilities:  >$30 million (approx.) |
| L.B.R. 1007-2(a)(7) | Not applicable. |
| L.B.R. 1007-2(a)(8) | Not applicable. |
| L.B.R. 1007-2(a)(9) | New York Office:  250 Lafayette Street, New York, NY 10012. Owned. |
| L.B.R. 1007-2(a)(10) | The Debtor's assets are the Property.  The Debtor does not hold any assets outside the territorial limits of the United States. |
| L.B.R. 1007-2(a)(11) | ***Pending Lawsuits\****  *Shanghai Commercial Bank Ltd., New York Branch et al v. Chen Foundation, Inc. et al*, Supreme Court of the State of New York, County of New York, Index No. 850013/2024  *Duet Construction & Design LLC v. Star Builders Inc., Chen Foundation, Inc. et al*, American Arbitration Association, Case No. 01-25-0001-4069  \*This list may be supplemented; a complete list will be filed with the Debtor's schedules. |

4

| L.B.R. 1007-2(a)(12) | President:  Ted Chen |
| --- | --- |
| L.B.R. 1007-2(b)(1) | The estimated amount of the weekly payroll for the thirty (30) day period following the filing of the chapter 11 petition is $0.* |
| L.B.R. 1007-2(b)(2) | The amount paid and proposed to be paid for services for the thirty (30) day period following the filing of the chapter 11 petition – <br><br> (A) if the debtor is a corporation, to officers, stockholders and directors:  $0* |
| L.B.R. 1007-2(b)(3) | For the thirty days following the petition date: <br><br> Cash receipts:  $0* <br><br> Cash disbursements:  $0* |

The Debtor reserves the right to amend this document.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 13, 2026

By: */s/ Ted Chen*
Ted Chen
President
Chen Foundation, Inc.

---

* Debtor has agreed with the Lender for the Receiver to remain in place and collect the rents.