WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2
U.S. Department of Justice
Office of the United States Trustee
One Bowling Green
New York, New York 10004
Telephone: (212) 510–0500
By:    Mark Bruh
       Trial Attorney

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                   :
In re                                              :        Chapter 11
                                                   :
CHEN FOUNDATION, INC.,                             :
                                                   :        Case No. 26-10545 (SAB)
                                                   :
                   Debtor.                         :
------------------------------------------------------------------X

**OBJECTION OF THE UNITED STATES TRUSTEE TO
THE STIPULATION AND ORDER REGARDING RECEIVER**

**TO THE HONORABLE SHIREEN A. BARDAY,
UNITED STATES BANKRUPTCY JUDGE:**

William K. Harrington, the United States Trustee for Region 2 (the "United States

Trustee"), does hereby make this objection (the "Objection") to the stipulation and order

regarding receiver (the "Receiver Stipulation") [ECF No. 14] to permit the receiver to remain in

possession, custody and control of the Property and excuse compliance with sections 543(a), (b)

and (c) of the Bankruptcy Code. In support thereof, the United States Trustee represents and

alleges as follows:

**PRELIMINARY STATEMENT**

The Court should not enter an order approving the Receiver Stipulation. Only debtors-in-

possession and chapter 11 trustees may manage the affairs of a chapter 11 debtor, and section

105(b) of the Bankruptcy Code expressly prohibits the appointment of a receiver in *any* chapter 11 case. 11 U.S.C. § 105(b) ("a Court may not appoint a receiver"). The Bankruptcy Code is clear that upon the commencement of a case under Title 11, a custodian shall (1) deliver to the debtor any of its property that is in the custodian's possession and (2) file an accounting of the property. 11 U.S.C. § 543(b). Rather than having the Receiver comply with section 543(b), the parties filed the Receiver Stipulation to excuse the Receiver from the statute's requirements.

The Receiver Stipulation does not allege, or suggest any evidence, that the Debtor is not capable of acting as a fiduciary. In fact, the parties state in the Receiver Stipulation that "nothing herein shall relieve the Debtor from its fiduciary duties under the Bankruptcy Code and Rules or its obligations under the United States Trustee Operating Guidelines." *See* Receiver Stipulation, at ¶ 5. Additionally, the prepetition retention of the Property Manager by the Receiver undercuts any argument that it is necessary for the Receiver to stay in place to manage the Property. The Debtor can seek to retain its own property manager to manage the Property, collect rents, and pay ordinary expenses associated with managing the Property. Accordingly, the role of the Receiver is not necessary. Finally, the Receiver is maintaining the Debtor's funds in the approximate amount of $800,000 at an unauthorized depository. The Court should not condone such an arrangement.

A custodian is not a substitute for the Debtor. The Debtor has fiduciary duties and responsibilities that go beyond the management of the Property. For example, the Debtor must prepare and file monthly financial reports, consider and reach decisions regarding the administration of the estate, propose a plan of reorganization, and so forth.

For these reasons, the United States Trustee opposes entry of an order approving the Receiver Stipulation.

2

**BACKGROUND**

1.      On March 13, 2026, Chen Foundation, Inc. (the "Debtor") filed a voluntary petition (the "Petition") for relief under chapter 11 of the Bankruptcy Code.[1] ECF No. 1.

2.      The Debtor checked the box in the Petition describing its business as a Single Asset Real Estate debtor, as defined under section 101(51B) of the Bankruptcy Code. *Id.*

3.      No trustee, examiner, or official committee of unsecured creditors has been appointed in this case.

4.      The Debtor's primary asset is real property located at 250 Lafayette Street, New York, New York (the "Property"). *Id.*, Bankruptcy Schedule A/B, Part 9.

5.      The Debtor schedules the value of the Property at $27.9 million. *Id.*

6.      The Debtor lists LCP SOHO V LLC c/o Lane Capital Partners, as a secured creditor, with a lien on the Property in amount of $30,065,974.51. ECF No. 4, Bankruptcy Schedule D, Part 1.

7.      The Debtor also lists two (2) additional secured creditors. One is the New York City Department of Tax and Finance with a claim in the amount in an unknown amount, and the other is the U.S. Small Business Administration with a claim in the amount of $171,133.43. *Id.*, Bankruptcy Schedule E/F, Part 2.

8.      The Debtor also lists twenty one (21) general unsecured creditors with claims totaling $459,103.51. *Id.*, Bankruptcy Schedule E/F.

9.      On March 11, 2025, prior to commencing this case, a receiver (the "Receiver") was appointed by order of the New York County Supreme Court. *See* Receiver Stipulation, p. 3.

10.     On June 30, 2025, the Receiver retained Orazio Crisalli of Syracuse Realty

---

[1] This is the Debtor's second bankruptcy filing. *See* Case No. 24-10438.

3

Group, LLC, as property manager (the "Property Manager"). *Id*.

## ARGUMENT

A debtor in possession has many rights, powers, and duties. 11 U.S.C. §§ 1101(1) (defining "debtor in possession"); 1107 (setting forth "Rights, powers and duties of debtor in possession"). These powers include the authority to operate the debtor's business under 11 U.S.C. § 1108. In addition, a debtor in possession bears the same fiduciary duty to the bankruptcy estate and its creditors as would an independent trustee appointed by the United States Trustee and approved by the bankruptcy court. *See, e.g., CFTC v. Weintraub*, 471 U.S. 343, 355 (1985) (stating that "if a debtor remains in possession – that is, if a trustee is not appointed –," the debtor "bear[s] essentially the same fiduciary duties to creditors and shareholders as would the trustee for a debtor out of possession."); *In re Century Brass Prods., Inc.*, 22 F.3d 37, 39-40 (2d Cir. 1994) (stating that the legislative history of section 1107 "places a debtor in possession in the shoes of a trustee in every way").

As noted above, Section 105(b) prohibits a Bankruptcy Court from appointing a receiver. In fact, this Court found in a recent ruling denying a motion to excuse a receiver's compliance with the Bankruptcy Code, that "only debtors-in-possession and chapter 11 trustees may manage the affairs of a chapter 11 debtor, and section 105(b) prohibits the appointment of a receiver in any chapter 11 case." *In re Garofalo Real Estate Holdings, LLC*, Case No. 24-11915 (MG) (Bankr. S.D.N.Y. Dec. 30, 2024) [ECF No. 26]. Indeed, the Bankruptcy Code directs a custodian in possession of a debtor's property to return that property to the debtor upon the debtor's filing of a chapter 11 petition. If the Debtor is unable to fulfill all its responsibilities as a debtor-in-possession, including the management of its property, then the solution is for the appointment of a chapter 11 trustee, dismissal or conversion of the case to chapter 7. Allowing the Receiver to

4

continue his possession of the debtor's property once a chapter 11 petition is filed creates an unworkable and untenable "hybrid" situation. In lieu of a debtor-in-possession exercising a myriad of fiduciary responsibilities in a chapter 11 proceeding, the debtor would have no responsibility with respect to the control and management of its primary asset – in this case, the Property. This flawed arrangement is not supported by the Bankruptcy Code and should not be permitted to continue. *See* 11 U.S.C. § 105; H.R. Rep. No. 595, 95th Cong., 1st Sess. 316 (1977) ("[T]he bankruptcy Judge is prohibited from appointing a receiver [. . .] under any circumstances. The Bankruptcy Code provides for the appointment of trustees when needed. Any appointment of a receiver would simply circumvent the established procedures."); *see also, In re 400 Madison Ave. Ltd. P'ship,* 213 B.R. 888, 894-5 (Bankr. S.D.N.Y. 1997) (stating that "the receiver does not take on the obligations and duties of a Chapter 11 trustee nor the somewhat different ones of a debtor-in-possession").

There is no authority to allow the Receiver to stay in place. Section 105(b) prohibits a Bankruptcy Court from appointing a receiver. In addition, the Receiver should not be excused from complying with subsections (a) and (b) of Section 543. The Bankruptcy Code provides that a receiver of property of the debtor is a "custodian." 11 U.S.C. § 101(11). Section 543 states that a custodian with knowledge of the case "may not make any disbursement from, or take any action in the administration of, property of the debtor, proceeds, product, offspring, rents or profits of such property, or property of the estate, in the possession, custody, or control of such custodian, except such action as is necessary to preserve such property." 11 U.S.C. § 543(a). A custodian is further directed to deliver the debtor's property to the bankruptcy trustee, and then file an accounting of the property, proceeds, products, rents, or profits. *See* 11 U.S.C. § 543(b).

5

Although section 543(d) provides that the bankruptcy court may excuse the custodian from the above-mentioned requirements if doing so better serves the interests of creditors, *see* 11 U.S.C. § 543(d), there is no requirement for a custodian to file monthly operating reports, provide the Debtor with a financial accounting, provide the Debtor with access to bank accounts pertaining to the management of the Property, and so forth. Here, not only has the Receiver not been vested by the New York State Court with the authority to file and manage the Debtor's bankruptcy proceedings, it is maintaining the Debtor's funds at an unauthorized depository. Those funds are property of the estate and must be protected. Excusing the return of the Debtor's property to the Debtor even though the Debtor is ostensibly at the helm of this Chapter 11 proceeding as a debtor-in-possession would create an unsustainable solution. The Receiver's appointment did not obviate the Debtor's duties and responsibilities as a debtor-in-possession. *See Stratesec, Inc.*, 324 B.R. 156, 158 (Bankr. D.D.C. 2004) ("the bankruptcy case [is] the forum to handle the debtor's financial affairs, the court should treat the receivership as suspended . . . with the receiver no longer playing a role"). Finally, it is important to note that the Receiver retained the Property Manager prepetition to carry out his duties and responsibilities. Thus, the Receiver is not necessary and the Debtor can retain its own property manager.

In sum, the Bankruptcy Code prohibits the appointment of a receiver in a chapter 11 bankruptcy, and only a debtor-in-possession may manage its business and assets, unless replaced by a (chapter 11 or chapter 7) bankruptcy trustee. Accordingly, this Court should not enter an order approving the Receiver Stipulation.

## CONCLUSION

WHEREFORE, the United States Trustee respectfully requests that the Court sustain his

objection and grant such other and further relief as the Court may deem just and proper.[2]

Dated: New York, New York
April 14, 2026

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By: /s/ Mark Bruh
Mark Bruh
Trial Attorney
One Bowling Green, Room 534
New York, NY 10004

---

[2]   In the event the Court enters an order approving the Receiver Stipulation, the United States Trustee reserves his rights to file a motion to convert the case to a case under chapter 7 or to appoint a chapter 11 trustee. Until such time that that such a motion is made, the order permitting the Receiver to stay in possession should require the Receiver to provide the United States Trustee proof that Debtor-in-Possession bank accounts have been established. The order should also require the Receiver to provide the Debtor all the documents needed for the Debtor to prepare and file monthly operating reports, including the rent roll, rent payments, status of all the bills for the Property, all bank statements and monthly income and expenses reports, and terminate the employment of the Property Manager. Finally, the order should require the Receiver to timely pay all United States Trustee quarterly fees due pursuant to 28 U.S.C. § 1930(a)(6).