UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re                                          :        Chapter 11
                                               :
CHEN FOUNDATION, INC.,                         :        Case No. 26-10545-sab
                                               :
                          Debtor.              :
---------------------------------------------------------------x

**DECLARATION OF ALAN LEAVITT IN SUPPORT OF DEBTOR'S MOTION TO
APPROVE STIPULATION REGARDING RECEIVER**

Pursuant to 28 U.S.C. § 1746, I, Alan Leavitt, declare as follows:

1.      I am the managing member of LCP SoHo V LLC, (the "Lender") successor in interest to Shanghai Commercial Bank Ltd., New York Branch ("SCB") and The Shanghai Commercial & Savings Bank, Ltd. ("SCSB" and together with SCB, the "Original Lender"), a secured creditor of Chen Foundation, Inc. (the "Debtor").

2.      I make this declaration in support of the Debtor's motion (the "Motion") for an order approving a proposed stipulation by and among the Debtor, the Lender, and Nolan Shanahan (the "Receiver") seeking to keep Mr. Shanahan in place as receiver for the Debtor's property [DE 14]. I have personal knowledge of the facts and circumstances set forth herein.

3.      The Debtor is the owner of real property located at 250 Lafayette Street, New York, New York 10012 (the "Property").

4.      Pursuant to various agreements dated on or about June 23, 2017, and June 30, 2020, the Debtor and the Original Lender agreed to aggregate commitments of $20.85 million (the "Loans"). As security for repayment of the Loans, the Debtor executed, acknowledged, and delivered certain notes and mortgages to the Original Lender against the Property, including certain Assignments of Leases and Rents.

5.      Following Debtor's default on the Loans, the Original Lender commenced a

commercial foreclosure action in New York State Court[1] (the "State Court Action").

6.   The Loans were subsequently assigned to Lender.

7.   By order dated March 11, 2025, in the State Court Action, the Receiver was appointed with respect to the Property.

8.   Since his appointment, the Receiver has managed the Property effectively and preserved its value for the benefit of all creditors. For example, the Receiver has:

  a.  Directed the Debtor to remove its property from the vacant fourth floor of the building, allowing the Receiver to negotiate successfully an amendment with the existing second floor tenant to expand its lease to include the fourth floor. This tenant recently exercised a one-year option to remain on both floors and has expressed interest in a longer-term arrangement which will generate long-term income for the Property;

  b.  Successfully resolved a New York City Department of Buildings violation against one of the first-floor retail tenants regarding the tenant's use of an obsolete elevator at the Property as storage space by providing tenant with appropriate storage space in another part of the Property; and

  c.  Helped to terminate the Debtor's occupancy of the Property which made way for new tenants and additional revenue at the Property and paved the way for a consensual resolution of Lender's claims against the Debtor.

9.   The Receiver is also currently actively engaged in discussions with existing tenants for lease of additional space at the Property which we believe will result in further stabilization of the Property.

---

[1] Capitalized terms not otherwise defined shall have the meaning ascribed to them in the Motion.

10.     These examples of the Receiver's accomplishments evidence his skillful discharge of his duties which has inured to the benefit of all creditors of the estate, including Lender.

11.     The Debtor has not been in control of the Property for more than 13 months and has not had direct interactions with the tenants or Property operations in those many months. Moreover, it appears that Mr. Chen, the principal of the Debtor, is experiencing health issues that may affect his ability to manage the Property personally.   Finally, the Debtor failed to turn over to the Receiver any tenant security deposits on Property leases when the Receiver took control of the Property.

12.     If the Receiver is removed and the Debtor is placed in control of the Property, the Debtor will be unable to operate. The rents from the Property are subject to a collateral assignment of leases and rent in favor of the Lender, may not be property of the bankruptcy estate, and use of such rents as cash collateral would require Lender's consent since the Debtor is in no position to provide replacement collateral. Keeping the Receiver in place preserves the mutual understanding between the Debtor and Lender going into this chapter 11 case and is in the best interests of the Debtor, Lender, and all other creditors of the estate.

13.     Even if the Debtor could overcome these obstacles, if the Receiver is removed and the Debtor is placed in control of the Property, the Debtor would have to restart all tenant activities which the Receiver has had underway for more than a year.  The Debtor would also need to become familiar with the Property's operations as they stand now and to retain a new property manager, which would cause delays and additional administrative costs to the detriment of creditors of the estate.  Moreover, the Lender is concerned about the Debtor's or Mr. Chen's ability to manage the Property based on their pre-Receiver actions (and inactions).

14.     The Lender's ability to support a chapter 11 plan in this case depends directly on

the continuation of the Receiver and the minimization of disruptions and costs in this case. This chapter 11 case needs to proceed quickly and efficiently to enable the Lender to provide economic support to a confirmable plan. Delays will increase costs and reduce the Lender's ability to provide funds needed under the forthcoming plan of liquidation.

15.     Recognizing the need for a prompt resolution of this case, and in contemplation of the Receiver's continued role and preservation of the Property's value, Debtor and Lender are preparing to submit a joint plan and disclosure statement that will transfer the Property to Lender in satisfaction of the Loans, and provide a pool of funds for other creditors of the Debtor's estate, among other things.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 5 day of May, 2026

_____
Alan Leavitt, managing member of LCP SoHo
V LLC