**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

In re:

CHEN FOUNDATION, INC.

Debtor.

Chapter 11

Case No. 26-10545

I, Nolan E. Shanahan, pursuant to 28 U.S.C. § 1746, hereby declare and state as follows:

1.      By an order of the New York State Supreme Court, New York County, entered March 11, 2025 (the "Receiver Order"), in the action captioned *Shanghai Commercial Bank Ltd., New York Branch, et al. v. Chen Foundation, Inc., et al..*, Index No. 850013/2024 (the "State Court Action"), I was appointed as receiver for the property located at 250 Lafayette Street, New York, New York (the "Property"), which is owned by Chen Foundation, Inc. (the "Debtor").

2.      I submit this declaration in my role as receiver in support of the Debtor's motion (the "Motion") for an order approving a proposed stipulation among myself, the Debtor, and LCP SoHo V LLC (the "Lender"), successor in interest to Shanghai Commercial Bank Ltd., New York Branch ("SCB") and The Shanghai Commercial & Savings Bank, Ltd. ("SCSB" and together with SCB, the "Original Lender"), seeking to keep me in place as receiver for the Property [DE 14]. I have personal knowledge of the facts and circumstances set forth herein.

3.      I was awarded a Bachelor of Arts in history from Fordham University in 1995 and a Juris Doctor in 1999 from Fordham University School of Law. I began my career as an Assistant District Attorney for the Kings County District Attorney's Office before transitioning to private practice in 2004. In my commercial litigation practice, I regularly handle both the prosecution and defense of foreclosure actions, in addition to other general commercial litigation in various state and federal courts, including in connection with bankruptcy proceedings.

4.      I am an approved fiduciary in New York State in accordance with the requirements of Part 36 of the Rules of the Chief Judge.  In addition to the property at issue in this proceeding, I am also currently serving as receiver for the real property located at 335 West 35th Street, New York, NY in connection with a pending foreclosure action in New York State Supreme Court, New York County.

5.      I am a member in good standing of the bars of the States of New York and New Jersey and am also admitted to practice in the United States District Courts for the Southern, Eastern, and Northern Districts of New York and the District of New Jersey.  I have also appeared in the United States Bankruptcy Courts for the Southern, Eastern, and Northern Districts of New York.

6.      After qualifying as receiver in the State Court Action and posting the required bond, I set about evaluating and assessing the Property and interacting with the tenants and the principals of the Debtor, who had formerly been managing the Property.

7.      I retained, with the approval of the Court in the State Court Action, Orazio Crisalli of Syracuse Property Group LLC to serve as property manager for the property.  In addition to collecting the rent from the tenants and paying vendors and service providers at my direction, Mr. Crisalli and his team have assisted me with handling both major repairs, including to the elevator, and minor repairs and tasks, such as light painting, changing locks, and attending to trash pickup.

8.      The Property has two (2) retail spaces on the ground floor, one of which faces Lafayette Street, with the other facing Crosby Street.  Both retails spaces were occupied at the time of my appointment and remain so to date.  The second floor, one unit (of two) on the third

2

floor, and a portion of the basement were also occupied by paying tenants at that time and remain so to date.

9.      At the time of my appointment, three of the six floors at the Property were not generating any income. There was one vacant unit on the third floor, the entire fourth floor was vacant (but used by Debtor and its principals for storage at no charge), the fifth floor was used by the Debtor and its principals as office space, and the sixth floor was occupied as living space by the Debtor's principals.  Neither the Debtor nor its principals were paying any rent for the two floors (out of 6 floors plus the basement at the Property) they occupied.  Debtor and its principals were also using other areas of the property for storage without paying for the same.

10.     At my direction, Debtor removed its property from the 4th floor, allowing me to seek to lease the space.  I was then able to lease the entire fourth floor to the existing second floor tenant.  I negotiated an amendment to the tenant's existing lease to extend the term and include the new space.  This same tenant recently exercised a one-year option to remain on both floors and has expressed interest in a longer-term arrangement.

11.     In April 2025, the New York City Department of Buildings issued a violation to one of the retail tenants.  This violation arose out of the existence of an obsolete elevator that Debtor had failed to remove from the tenant's space, despite tenant paying for the use of such space, which it was using to store inventory.  The violation was addressed by giving the tenant use of comparable storage space elsewhere in the building, so that the obsolete elevator area could remain clear and accessible until such time as it can be removed with the approval of all applicable city agencies.

12.     Through my appointed landlord-tenant counsel, I served the Debtor and its principals with statutory notices to vacate the fifth and sixth floors as precursors to commencing

3

eviction actions. This led to Debtor's agreement to voluntarily vacate those floors shortly before the filing of Debtor's petition. If permitted to remain as receiver, my plan is to return these floors to rentable condition and market the same.

13.     There have also been discussions with the third-floor tenant about expanding its footprint at the Property as well as discussions with one of the retail tenants about making more paid storage area available. These discussions have all been held in abeyance pending the Court's determination of the instant motion.

14.     Moreover, upon my appointment, I demanded that the Debtor comply with the terms of the Receiver Order by providing me with, among other documents and funds, security deposits of at least $338,743.75 provided to the Debtor by the tenants at the Property. In addition, I demanded that Debtor turn over $75,288.68 in rent improperly collected from tenants after my appointment. The Debtor never provided such funds to me in clear violation of the Receiver Order.

15.     As a member of the bar of the State of New York and the Southern District of New York, I am subject to this Court's jurisdiction and am prepared to abide by any all conditions the Court deems appropriate to impose on my continued service as receiver for the Property, including with respect to reporting, applications for payment, and ensuring that all funds received are held in an approved depository.

16.     Prior to the filing of the Debtor's petition, Justice Andrea Masley approved each accounting and application for payment I submitted in the State Court Action.

17.     I respectfully submit that my continued service is in the best interests of all interested parties, including the tenants at the Property. The Property is current on its expenses and we have diligently collected rent from all tenants each month. The tenants have grown

68855/0002-53064362v3

comfortable with me and my team during the past thirteen plus months and I am concerned that some of the tenants may seek to leave the Property if the Debtor returns to managing it. At a minimum, I have concerns that the tenants seeking to expand their footprint at the Property will decline to do so and look elsewhere if the Debtor returns to managing the Property.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct.

Executed at New York, New York on this 5th day of May, 2026.

Nolan E. Shanahan
*Court-Appointed Receiver for 250 Lafayette Street, New York, NY*

5