**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In re                                                                :          Chapter 11
                                                                        :
CHEN FOUNDATION, INC.,                                :          Case No. 26-10545 (SAB)
                                                                        :
                                        Debtor.              :
------------------------------------------------------------x

**ORDER APPROVING STIPULATION REGARDING CONTINUATION OF RECEIVER**

Upon the motion dated April 7, 2026 (ECF No. 14, the "Motion"), of Chen Foundation, Inc. (the "Debtor") the above-captioned debtor for approval, pursuant to Sections 105(a) and 543(d) of title 11 of the United States Code (the "Bankruptcy Code"), of a stipulation annexed thereto (ECF No. 14-1, the "Stipulation") by and between the Debtor, LCP SoHo V LLC (the "Lender") as successor in interest to Shanghai Commercial Bank Ltd., New York Branch ("SCB") and The Shanghai Commercial & Savings Bank, Ltd. ("SCSB" and together with SCB, the "Original Lender"), and Nolan E. Shanahan (the "Receiver") (the Debtor, Lender, and the Receiver are, collectively, the "Parties") to keep Mr. Shanahan in place as receiver for the Debtor's real property located at 250 Lafayette Street, New York, New York 10012 (the "Property"); good and sufficient notice of the Motion having been given; and no further notice being required; upon the objection filed by the Office of the United States Trustee (ECF No. 16) and the Reservation of Right filed by the Receiver (ECF No. 17), and all other filings related thereto, including, without limitation, the Declaration of Alan Leavitt in Support of Debtor's Motion to Approve Stipulation Regarding Receiver (ECF No. 24) and the Declaration of Nolan Shanahan in Support of Motion (ECF No. 25); hearings having been held on April 21, 2026, and May 8, 2026 (the "Hearings") and upon the record of the Hearings; all objections having been withdrawn or overruled; and the

Court having found that the Stipulation is in the best interests of the Debtor, its estate, and its creditors; and for good cause shown, it is hereby:

**ORDERED** that the Motion is GRANTED and the Stipulation is APPROVED and its terms are binding upon the parties thereto, to the extent specifically set forth in this Order;

**ORDERED** that, the Receiver shall continue to act in accordance with the rights granted to it under the order, entered March 11, 2025 in the action entitled *Shanghai Commercial Bank Ltd., New York Branch, et al. v. Chen Foundation, Inc., et al.*, Index No. 850013/2024 (the "State Court Action"), appointing the Receiver with respect to the Property, empowering the Receiver to enter, receive and take possession of the Property and the rents, income and profits generated therefrom, and manage, oversee and operate the Property  (the "Receiver Order"), through and including 60 days following the date of the entry of this order (the "Receivership Period"), subject to review and further extensions upon further order of this Court following filing by the Receiver of detailed reports of actions taken by, and balances on hand with, the Receiver, to be filed on or before 60 days after entry of this order and each 30 days thereafter. Such reports shall also be provided by letter to the Court with a contemporaneous copy provided to the United States Trustee and all creditors and parties in interest. At its discretion, upon timely receipt of reports from the Receiver as provided in this order, the court may enter further orders extending the Receivership Period or may require further hearing on such relief;

**ORDERED** that, within seven (7) days of entry of this order, the Receiver shall (i) establish a segregated "Tenant Deposit" account at ConnectOne Bank, a United States Trustee Program Authorized Depository Institution for Region 2, and transfer $53,312.49 to this account representing the total amount of tenant security deposits paid to the Receiver to date, plus any other tenant security deposits, up to an aggregate of $250,000; (ii) maintain a separate account at a

United States Trustee Program Authorized Depository Institution for Region 2 (the "Receiver Account"), and maintain balance of no more than approximately $25,000 in the Receiver Account for the Property; and (iii) on a monthly basis, pay the balance on hand with the Receiver to LCP SoHo V LLC. In the event the Receiver's balance in any approved depository exceeds $250,000, the Receiver shall promptly notify the U.S. Trustee and make arrangements to open a new account in an authorized depository for Region 2 to hold all funds exceeding $250,000;

**ORDERED** that, on or before the 10th of every month, the Receiver shall provide the Debtor with all account information including, but not limited to, bank statements, necessary for the Debtor to file monthly operating reports on a timely basis as required under the United States Trustee's Guidelines for Chapter 11 debtors;

**ORDERED** that, in addition to authorizing the Receiver to continue to pay the regular and ordinary expenses associated with managing, overseeing, and operating the Property from the Receiver Account, the Receiver is hereby authorized to pay the Debtor's U.S. Trustee quarterly fees from the Receiver Accounts;

**ORDERED** that nothing in the Stipulation shall be construed as a restriction upon, or waiver by, Receiver to seek compensation and reimbursement of expenses for its continued role in connection with Debtor's Property pursuant to Bankruptcy Code Sections 503 and 543(c)(2) to the extent the Receiver's compensation is not otherwise paid pursuant to an order in the State Court Action;

**ORDERED** that the Parties are authorized and directed to take all actions and execute all documents necessary to effectuate the terms of the Stipulation;

**ORDERED** that in the event of a discrepancy between the terms of this Order, the Motion or the Stipulation, the terms of this Order shall prevail; and it is further

3

**ORDERED**, that this Court shall retain jurisdiction over any dispute or controversy arising from or related to the entry of this Order.

Dated:   May 15, 2026
        New York, New York

/s/ *Shireen A. Barday*
**HONORABLE SHIREEN A. BARDAY**
**UNITED STATES BANKRUPTCY JUDGE**